IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00064-BNB

CECIL BYNUM,

      Plaintiff,

v.

MAYOR MICHAEL HANCOCK, Municipality, City and County of Denver,
KERI JOHNSON,
DAVID RYAN,
AP RICHMOND,
J CASIAS,
J ANDREWS,
J SIMMONS, and
ROBERT HART,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Cecil Bynum, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado.  Mr. Bynum, acting *pro se*, initiated this action on January 11, 2012, by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  He has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

The Court must construe the Complaint liberally because Mr. Bynum is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's

advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Bynum will be ordered to file an Amended Complaint.

Mr. Bynum asserts that on April 14, 2004, Defendant Robert Hart confiscated and held his identification and Social Security card as evidence for thirteen months.  Mr. Bynum alleges that he was arrested on January 27, 2005, on a "municipal trespassing warrant" issued by Defendant Hart.  He asserts that during the arrest, Defendant David Ryan used excessive force against him and Defendant Keri Johnson witnessed the event but failed to stop Defendant Ryan.  He further asserts that Defendants Richmond, Simmons, Casias, and Andrews were called as back-on January 27, 2005, and they also witnessed Defendant Ryan's use of excessive force.  Mr. Bynum asserts that, during his state court criminal case, evidence was withheld regarding the details of the incident during which he was subjected to excessive force and arrested.  He seeks money damages and injunctive relief, including dismissal of his felony conviction.

With respect to Mr. Bynum's alleged false arrest, the withholding of information and alleged police abuse of municipal policies, as it pertains to his current incarceration, his claims for money damages may be barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.  Mr. Bynum does not allege that he has invalidated his conviction or sentence that pertain to the incident at

2

issue. Therefore, the claim for damages challenging the validity of his criminal conviction may be barred by *Heck*.

In addition, to the extent Mr. Bynum may seek to challenge his criminal conviction or obtain his release from incarceration, his sole federal remedy is a writ of habeas corpus, after he has exhausted state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).  The Court will not consider the merits of any habeas corpus claims in this civil rights action.

With respect to Mr. Bynum's excessive force claim, personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Bynum must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant, such as Mayor Michael Hancock, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, municipalities and municipal entities, such as the City and County of Denver, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v.*

*Harris*, 489 U.S. 378, 385 (1989).  Mr. Bynum cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.

To state a claim in federal court, a complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant' s action harmed the plaintiff; and, what specific legal right the plaintiff claims the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Bynum may use fictitious names, such as John or Jane Doe, if he does not know the real names of the individuals who allegedly violated his rights.  If, however, Mr. Bynum uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service.  Accordingly, it is

ORDERED that Mr. Bynum file **within thirty (30) days from the date of this Order** an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that Mr. Bynum shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Bynum fails to comply with this Order within the time allowed the Complaint and the action will be dismissed without further notice.

DATED March 13, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge