IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-00064-WYD-MJW

CECIL BYNUM,

Plaintiff(s),

v.

MUNICIPALITY, CITY AND COUNTY OF DENVER,
KERI JOHNSON,
DAVID RYAN,
AP RICHMOND,
J CASIAS,
J ANDREWS,
J SIMMONS, and
ROBERT HART

Defendant(s).

---

**RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
PURSUANT TO FED.R.CIV.P. 12(b)(6) (Docket No. 49)
and
ORDER ON
PLAINTIFF'S MOTION FOR REVIEW OF THE TRIAL COURTS AND COURT OF
APPEALS DECISION PURSUANT TO 24-10-109, C.R.S. Section 13-80-103
(Docket No. 55)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case was referred to this court pursuant to an Order of Reference to

Magistrate Judge issued by Chief Judge Wiley Y. Daniel on June 14, 2012.  (Docket No.

24).

**PLAINTIFF'S ALLEGATIONS**

The pro se incarcerated plaintiff's Amended Prisoner Complaint (Docket No. 19)

2

is not a model of clarity, but it appears to assert the following. On April 4, 2004, at a hotel, defendant Officer Robert Hart seized the plaintiff's identification, social security card, and a weight scale, which allegedly had drug residue on it. Thereafter, Hart harassed plaintiff by systematically issuing trespassing tickets to the plaintiff for not having identification (which had been seized) when he was at motels on East Colfax which require identification in order to be on the premises. The municipal ordinance and Hart's enforcement of that ordinance violated plaintiff's rights under the Fourth and Fourteenth Amendments. Plaintiff went to court on these trespassing tickets at which time plaintiff requested that the court give him a property release for his ID or a photocopy so that Hart would not be able to give him tickets, but the court did not do anything. Plaintiff was released from prison and was living at those motels. Instead of going to court on the last ticket, plaintiff went to work, so a failure to appear arrest warrant was issued, which was facilitated by Hart's misconduct. The defendant police officers were engaged in a joint venture by assisting each other and lending their physical presence and support.

On January 27, 2005, plaintiff was arrested on a municipal trespassing warrant. Plaintiff did not resist arrest but was hit, choked, forced to the ground, and jammed in the back by a knee while face down on the ground by defendant David Ryan, which resulted in plaintiff's thumb being amputated. This assault was witnessed but not stopped by Keri Johnson (the sergeant on duty) and officers A.P. Richmond, J. Casias, J. Andrews, and J. Simmons. It was constitutionally excessive, and there was a conspiracy to cover up by not writing reports of the beating and excessive force.

Plaintiff seeks substantial monetary damages.

**PENDING MOTIONS**

Now before the court for a report and recommendation is the Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) (Docket No. 49) in which dismissal of all claims for relief is sought on the basis that the claims are barred by the applicable statute of limitations. Plaintiff filed a Response (Docket No. 54), defendants filed a Reply (Docket No. 57), and plaintiff filed a sur-reply (Docket No. 69). The court has carefully considered these motion papers, the court's file, and applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings, conclusions, and recommendation that the motion to dismiss be granted.

Also before the court is the plaintiff's Motion for Review of the trial courts [sic] and Court of Appeals Decision Pursuant to 24-10-109, C.R.S. Section 13-80-103 (Docket No. 55). Plaintiff's motion is not a model of clarity. The motion is granted to the extent the plaintiff is asking this court to consider the state court rulings in his prior litigation concerning the incidents at issue here. This court has reviewed the state court records submitted by the plaintiff and the defendants. The court may consider such records when resolving a motion to dismiss pursuant to Rule 12(b)(6) because they are matters of which the court may take judicial notice. See Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010) (when resolving a motion to dismiss pursuant to Rule 12(b)(6), the court may consider, in addition to the allegations of the complaint, "(1) documents that the complaint incorporates by reference, . . . (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity, . . . and (3) matters of which a court may take

judicial notice.") (citations and quotations omitted); <u>Vaninetti v. Western Pocahontas Properties, Ltd.</u>, 2012 WL 4359302, at *2 (D. Colo. Sept. 24, 2012) (court may properly consider facts subject to judicial notice such as court files and matters of public record). However, the motion is denied to the extent plaintiff is in essence seeking an appeal of the state court rulings. "Under the *Rooker-Feldman* doctrine, federal district courts do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme] Court. . . . The doctrine 'prohibits a lower federal court from considering claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment.'" <u>Jackson v. Peters</u>, 2003 WL 22664679, *3 (10th Cir. Nov. 12, 2003) (internal quotation marks and citations omitted).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" <u>Cutter v. RailAmerica, Inc.</u>, 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

5

a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The Circuit court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo.,

154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Iqbal, 129 S. Ct. at 1949)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id. at 1191.

Since the plaintiff is not an attorney, his pleading and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

Dismissal under Fed. R. Civ. P. 12(b)(6) is proper when the Complaint indicates on its face that the statute of limitations has expired. See Aldrich v. McCulloch Props. Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). In this case, the Prisoner Complaint is dated January 6, 2012, and was filed with the court on January 11, 2012. (Docket No. 1). Under the prison "mailbox rule," the Prisoner Complaint should be deemed "filed" at

the moment of its delivery to prison authorities for forwarding to the District Court.  See Houston v. Lack, 487 U.S. 266 (1988).

The Supreme Court has instructed that "§ 1983 claims are best characterized as personal injury actions," and, therefore, the relevant state statute of limitations applicable to such actions is applied.  Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994) (citing Wilson v. Garcia, 471 U.S. 261, 280 (1985)).  Colorado's general two-year statute of limitations for personal injury actions, § 13-80-102, C.R.S., thus applies to this case.  Workman v. Jordan, 32 F.3d 475, 482 (10th Cir. 1994); Merrigan v. Affiliated Bankshares of Colo., Inc., 775 F. Supp. 1408, 1411-12 (D. Colo. 1991).

Federal law, rather than state law, however, determines when a federal claim accrues.  The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence of the injury which is the basis of his action.  Kripp v. Luton, 466 F.3d 1171, 1175 (10th Cir. 2006); Industrial Constructors Corp. v. U.S. Bureau of Reclamation, 15 F.3d 963, 969 (10th Cir. 1994).  "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." Industrial Constructors Corp., 15 F.3d at 969.  "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."  Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 558 (10th Cir. 1999) (citing Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991)).

Here, plaintiff's claims arise out of police actions, namely on April 4, 2004, when his identification documents and a scale were seized, purported police harassment following that seizure and until just before his arrest on January 27, 2005, and alleged

excessive force on the date of that arrest. All of these claims accrued well over two years before the date of the Prisoner Complaint (January 6, 2012). Therefore, absent any tolling of the limitations period, plaintiff's claims are time-barred.

"At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiff[] can prove no set of facts that toll the statute." Matthews v. Wiley, 744 F. Supp.2d 1159, 1168 (D. Colo. 2010) (quoting Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 n.13 (11th Cir. 2005)). The issue of tolling is also governed by state law. Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). "Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled." Garrett v. Arrowhead Imp. Ass'n, 826 P.2d 850, 855 (Colo. 1992). Under Colorado law, "an equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996). "The Colorado Supreme Court has yet to find a case that qualifies as an 'extraordinary circumstance' that would justify tolling." Braxton v. Zavaras, 614 F.3d 1156, 1160 (10th Cir. 2010).

Here, plaintiff has not made any showing of such "extraordinary circumstances" or that the defendants wrongfully impeded his ability to bring his claims. Plaintiff does, however, essentially assert that the limitations period was tolled during the pendency of his state court litigation that concerned the police actions at issue here. Defendants detail plaintiff's prior litigation. (See Docket No.

57 at 3-4). More specifically, (1) plaintiff had a civil action in Denver District Court against the defendants here, case no. 2006CV5, which was dismissed without prejudice because plaintiff failed to comply with court orders; (2) plaintiff then brought another civil action in Denver District Court against these defendants, case no. 2008CV5881, which was dismissed because plaintiff failed to comply with the court's order regarding payment of filing fees; (3) plaintiff then brought a third action in Denver District Court, case no. 10CV00582, concerning injury from his seizure on April 14, 2004, by defendant Hart and his arrest on January 27, 2005, which was dismissed because the court found that the complaint was filed more than four years after the statute of limitations had expired; and (4) plaintiff filed an action in this court, civil action no. 11-cv-02541-LTB, which was identical to this action but was dismissed without prejudice for failure to cure a deficiency in his pleading as ordered by Magistrate Judge Boland.

In Colorado, "[g]enerally when a statute does not specifically allow for the tolling of a statute of limitations during the pendency of a prior action, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him." King v. W. R. Hall Transp. & Storage Co., 641 P.2d 916, 920 (Colo. 1982). See SMLL, L.L.C. v. Peak Nat. Bank, 111 P.3d 563, 565 (Colo. App. 2005) ("Absent a specific statutory provision, Colorado law does not allow for the tolling of a statute of limitations during the pendency of a prior action."); Chilcott Entertainment L.L.C. v. John G. Kinnard Co., 10 P.3d 723, 726 (Colo. App. 2000) ("[T]he Colorado Supreme Court has stated that, absent a specific statutory

provision, Colorado law does not allow for the tolling of a statute of limitations during the pendency of a prior action.") (citing King, 641 P.2d 916; Brown v. Hartshorne Pub. Sch. Dist. #1, 926 F.2d 959 (10th Cir. 1991) (in absence of statute to the contrary, limitation period not tolled during pendency of dismissed action); Cook v. G.D. Searle & Co., 759 F.2d 800 (10th Cir. 1985) (recognizing that Colorado law indicates a policy disfavoring tolling by mere pendency of prior action)). "The closest statute on this issue is Colo.Rev.Stat. § 13-80-111, which permits a plaintiff to re-file an action within ninety days of the termination of an original action for lack of jurisdiction or improper venue." Phillips v. Harrison, 2005 WL 1773952, *2 n.4 (D. Colo. July 26, 2005).

Plaintiff has failed to establish that any of his prior civil actions detailed above were terminated based upon lack of jurisdiction or improper venue. Therefore, plaintiff has not shown that the limitations period here was tolled during the pendency of any of his prior actions by virtue of § 13-80-111, C.R.S. See Nguyen v. Swedish Med. Ctr., 890 P.2d 255, 256 (Colo. App. 1995) ("[I]nasmuch as plaintiff's first action was dismissed for a procedural defect, not for lack of jurisdiction, the remedial revival statute was inapplicable to plaintiff's second complaint.").

Furthermore, to the extent plaintiff may be asserting that his Complaint here relates back to his prior complaints, both in this court and in Denver District Court, "a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim." Marsh v. Soares, 223 F.3d 1217, 1219 (10th Cir. 2000) (citation omitted).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Defendants' Motion to Dismiss Plaintiff's Amended

11

Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) be **granted**. It is further

**ORDERED** that the plaintiff's Motion for Review of the trial courts [sic] and Court of Appeals Decision Pursuant to 24-10-109, C.R.S. Section 13-80-103 (Docket No. 55) is **granted in part and denied in part** as set forth above.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: November 16, 2012             s/ Michael J. Watanabe
      Denver, Colorado              Michael J. Watanabe
                                    United States Magistrate Judge