IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-00064-WYD-MJW

CECIL BYNUM,

    Plaintiff,

v.

MUNICIPALITY, CITY AND COUNTY OF DENVER;
KERI JOHNSON;
DAVID RYAN;
AP RICHMOND;
J. CASIAS;
J. ANDREWS;
J. SIMMONS; and,
ROBERT HART,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court in connection with the Defendants' Motion To Dismiss Plaintiff's Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) [ECF No. 49] and plaintiff, Cecil Bynum's, Motion For Review Of The Trial Courts And Court of Appeals Decision Pursuant To 24-10-109, C.R.S. Section 13-80-103 [ECF No. 55]. Because Bynum proceeds *pro se*, I referred all motions to Magistrate Judge Watanabe [ECF No. 23]. On November 16, 2012, Magistrate Judge Watanabe issued a Recommendation [ECF No. 72] stating that the Defendants' Motion to Dismiss [ECF No. 49] and Bynum's Motion For Review [ECF No. 55] should be granted. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED.

R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.

## BACKGROUND

This suit arises out of plaintiff, Cecil Bynum's, two encounters with Denver Police Officers.  On April 14, 2004, Officer Robert Hart seized Bynum's identification, social security card, and weight scale which allegedly contained drug residue.  Subsequent to the seizure, Bynum received several trespassing tickets pursuant to a Denver City Ordinance for not having identification on him while at certain motels on East Colfax. Bynum failed to appear in court for one or more of his tickets and the Denver District Court issued a failure to appear arrest warrant.  On January 27, 2005, Denver Police Officers arrested Bynum pursuant to a municipal trespassing warrant.  Upon arrest, Denver Police Officers allegedly assaulted Bynum, which resulted in the amputation of Bynum's thumb.  On January 11, 2012, Bynum filed a prisoner complaint against the City and County of Denver and several Denver Police Officers [ECF No. 1].  On May 25, 2012, Bynum filed an Amended Complaint [ECF No. 19] alleging several 42 U.S.C. § 1983[1] claims relating to the incidents on April 14, 2004, and January 27, 2005.

On August 10, 2012, the defendants filed a Motion to Dismiss [ECF No. 49], arguing that Colorado's two year personal injury statute of limitations bars Bynum's

---

[1] Pursuant to 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

claims.  On August 27, 2012, Bynum filed a Motion For Review Of The Trial Courts And Court Of Appeals Decision Pursuant To 24-10-109, C.R.S. Section 13-80-1-3 [ECF No. 55], requesting the Court to review previous state court rulings regarding earlier lawsuits brought by Bynum based on the April 14, 2004, and January 27, 2005, incidents.  On November 16, 2012, Magistrate Judge Watanabe issued a Recommendation [ECF No. 72] stating that:  (1) Bynum's Motion For Review [ECF No. 55] should be granted to the extent that he requests the Court to consider prior state court rulings regarding the April 14, 2004, and January 27, 2005, incidents; and, (2) the defendants' Motion To Dismiss [ECF No. 49] should be granted because Colorado's two year personal injury statute of limitations bars Bynum's claims.

On November 30, 2012, Bynum filed a Motion For Extension Of Time [ECF No. 74], requesting that the Court grant him an additional time to file objections to Magistrate Judge Watanabe's Recommendation.  The motion was not ruled on and Bynum filed objections to Magistrate Judge Watanabe's Recommendation on January 25, 2013 [ECF No. 79].  Because Bynum proceeds *pro se* and because his motion was not ruled on, I will consider his objections as timely filed.

## ANALYSIS

### A.  Legal Standard

Because Bynum filed an objection to Magistrate Judge Watanabe's Recommendation [ECF No. 72], I must review "de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C).  I must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th

Cir. 1995) (citation omitted).  Further, I am given discretion whether to "accept, reject, or modify" the recommended disposition made by the Magistrate Judge. FED. R. CIV. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C).

## B.  Magistrate Judge Watanabe's Recommendation [ECF No. 72]

The defendants argue that Colorado's two year personal injury statute of limitations, Colorado Revised Statutes § 13-80-102, bars Bynum's § 1983 claims. COLO. REV. STAT. § 13-80-102 states, in pertinent part:

> (1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, *shall be commenced within two years after the cause of action accrues, and not thereafter*.
>
> \*   \*   \*   \*
>
> (h) All actions against any public or governmental entity or any employee of a public or governmental entity, except as otherwise provided in this section or section 13-80-103 . . .

COLO. REV. STAT. §§ 13-80-102(1) and (1)(h) (emphasis added).  Magistrate Judge Watanabe stated that because § 1983 claims are essentially personal injury actions, COLO. REV. STAT. § 13-80-102 provides the applicable two year personal injury statute of limitations. *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994) (internal quotations and citation omitted) ("As the Supreme Court instructs, 1983 claims are best characterized as personal injury actions and we therefore apply the relevant statute of limitations applicable to such actions").  In determining when the statute of limitations began to run, Magistrate Judge Watanabe relies on federal law and states that because Bynum's claims arise out of police actions, the statute of limitations began to run on the day the incidents occurred:  April 14, 2004, and January 27, 2005. *Beck v. City of*

*Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999) (citing *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991)) ("Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur").  Thus, Colorado's two year personal injury statute of limitations barred any claims arising out of the April 14, 2004, incident on April 14, 2006, and barred any claims arising out of the January 27, 2005, incident on January 27, 2007.  Bynum filed his original complaint on January 11, 2012.  Thus, Magistrate Judge Watanabe found that Colorado's two year personal injury statute of limitations barred Bynum's claims.  Magistrate Judge Watanabe further concluded that Bynum has not established any reason as to why Colorado's two year personal injury statute of limitations would be tolled.  Because the statute of limitations has run as to all of Bynum's claims, and because Bynum fails to establish that the period was tolled, Magistrate Judge Watanabe recommends that the defendants' Motion To Dismiss [ECF No. 49] should be granted and Bynum's claims be dismissed.

**C.  Bynum's Objections to Magistrate Judge Watanabe's Recommendation [ECF No. 79]**

On January 25, 2013, Bynum filed his Objections to Recommendation [ECF No. 79].  Much of Bynum's objections re-state facts and re-hash arguments contained in his Original Complaint [ECF No. 1] and Amended Complaint [ECF No. 19].  However, Bynum makes two clear objections:  (1) Magistrate Judge Watanabe's accrual dates for his causes of action arising from the April 14, 2004, and January 27, 2005, incidents are wrong; and, (2) the statute of limitations did not run on his claims because equitable tolling applies based on the factual record.

### 1. Objection #1: Accrual dates

Bynum objects to the accrual date for his causes of action and argues that the proper accrual date is the date that he knew or should have known that his constitutional rights were violated. Bynum cites and relies on *Smith v. City of Enid*, 149 F.3d 1151 (10th Cir. 1998), in support of his argument. In *Smith*, the plaintiff firefighter opted into a deferred option compensation plan pursuant to an Oklahoma state statute on October 17, 1989. On May 31, 1990, the Oklahoma legislature amended the statute to include mandatory retirement after five years of participating in the plan. On August 22, 1994, five years after participating in the plan, the Fire Chief terminated the plaintiff without a hearing. On May 23, 1996, the plaintiff filed suit and asserted, *inter alia*, a § 1983 due process and impairment of contracts claim against the city. In determining when the plaintiff's § 1983 claim accrued, the court stated, "[a] civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." 149 F.3d at 1154 (citations omitted). The court further stated that, "[s]ince the injury in a § 1983 case is the violation of a constitutional right . . . such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* (internal quotations and citation omitted). The United States Court of Appeals for the Tenth Circuit held that any violation of the plaintiff's constitutional rights should have been apparent upon receiving notice of the Oklahoma statute's amendment in 1990. The Tenth Circuit held that the plaintiff's claim accrued at some point in 1990 when he received notice of the amendment, and the applicable two year statute of limitations ran in 1992. Thus, the plaintiff's claims in his 1996 suit were barred. *Id.* at 1156.

*Smith* states the same general rule that Magistrate Judge Watanabe stated in his Recommendation: "[t]he statute of limitations [for a § 1983 claim] begins to run when the plaintiff knows or has reason to know of the existence of an injury which is the basis of his action." ECF No. 72, p. 7, ¶ 3 (citations omitted); *see Smith*, 149 F.3d at 1154 (citations omitted) ("A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action"). *Smith* did not involve police conduct, whereas the present case does. Thus, Magistrate Judge Watanabe quoted the more specific rule regarding when a statute of limitations period accrues for a § 1983 claim *arising out of police conduct*: "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." ECF No. 72, p. 7, ¶ 3 (quoting *Beck*, 195 F.3d at 558). The Tenth Circuit has repeatedly recited this rule in determining the accrual of a statute of limitations for a § 1983 claim arising out of police conduct. *See Johnson*, 925 F.2d at 1301; *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005); *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006); *Watkins v. Craft*, 455 Fed. Appx. 853, 855 (10th Cir. 2012). Here, Bynum's causes of action clearly arise out of police conduct that occurred on April 14, 2004, and January 27, 2005. Under binding Tenth Circuit case law, the statute of limitations for any causes of action arising out of those incidents accrued on the day the alleged incidents occurred. Applying Colorado's two year personal injury statute of limitations to the incidents, any claims arising out of the incidents were barred when Bynum filed suit on January 11, 2012. Thus, Bynum's objection has no merit and is OVERRULED.

**2. Objection #2: Tolling**

Bynum objects to Magistrate Judge Watanabe's finding that the statute of limitations was not tolled, and argues that equitable tolling applies.

The Colorado Supreme Court has stated that, "an equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Brodeur v. Am. Home Assur. Co.*, 169 P.3d 139, 149 (Colo. 2007). Here, neither situation exists. There is no evidence to support the conclusion that the City and County of Denver or any named defendant wrongfully impeded Bynum's ability to bring this suit. Further, extraordinary circumstances are not present that would have prevented Bynum from timely filing this suit. *See Braxton v. Zavaras*, 614 F.3d 1156, 1160 (10th Cir. 2010) ("The Colorado Supreme Court has yet to find a case that qualifies as an 'extraordinary circumstance' that would justify tolling"). Thus, equitable tolling should not be applied in this case and Bynum's objection is OVERRULED.

## CONCLUSION

After careful consideration of the matters before this Court, I find that Magistrate Judge Watanabe's Recommendation [ECF No. 72] is thorough and well-reasoned, and I agree with Magistrate Judge Watanabe's decision to grant Bynum's Motion For Review Of The Trial Courts And Court Of Appeals Decision Pursuant To 24-10-109, C.R.S. Section 13-80-1-3 [ECF No. 55].

After reviewing Bynum's Objections to Recommendations [ECF No. 79] *de novo*, I find that Bynum's objections are without merit, and I agree with Magistrate Judge

Watanabe's recommendation that the Defendants' Motion To Dismiss Plaintiff's Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) [ECF No. 49] should be granted. Accordingly, it is

    ORDERED that Magistrate Judge Watanabe's Recommendation [ECF No. 72] is **AFFIRMED** and **ADOPTED**.  It is

    FURTHER ORDERED that plaintiff, Cecil Bynum's, Objections to Recommendation [ECF No. 79] are **OVERRULED**.  It is

    FURTHER ORDERED that Bynum's claims are **DISMISSED WITH PREJUDICE**. It is

    FURTHER ORDERED that Bynum's Motion For An Extension Of Time [ECF No. 74] is **DENIED AS MOOT**.

    Dated:  March 12, 2013.

                          BY THE COURT:

                          /s/ Wiley Y. Daniel
                          Wiley Y. Daniel
                          Senior U. S. District Judge